JUSTICE GRAY,
concurring in part and dissenting in part.
I concur in the Court’s opinion on issue one and agree that Mat-tingly must be permitted to proceed with his negligent misrepresentation claim against First Bank. I respectfully dissent, however, from that opinion on issue two, whether he may proceed on his constructive fraud claim. As a result, I also dissent from issues three and four, which need not be reached under a proper resolution of issue two. I would conclude that, because no underlying duty has been established on which the constructive fraud claim can rest, the District Court did not *223 err in granting First Bank’s motion for summary judgment on that claim.
As the Court points out, the existence of a legal duty is a question of law for the district court’s determination. Moreover, the statute at issue, § 28-2-406(1), MCA, clearly requires a foundational duly in a constructive fraud claim, by defining constructive fraud as “any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under him by misleading another to his prejudice. ...” (Emphasis added.) Simply and plainly, the statute requires an existing duty, the breach of which accomplishes an advantage to one by means of misleading another to the second person’s prejudice. In other words, the result and means of breaching the duty remain secondary to the existence of the duty.
The Court’s “special circumstances” analysis essentially voids the duty requirement of the statutory constructive fraud claim by substituting the result and means of breaching the duty for the necessity of an underlying duty which can be breached. In other words, the Court determines that genuine issues of material fact exist in that First Bank may have gained an advantage over Mattingly by misleading him to his prejudice. It is my view that, under a straightforward interpretation of the plain words of the statute, the questions of whether First Bank “gain[ed] an advantage ... over [Mattingly] by misleading him to his prejudice” are factual questions relating to a “breach.” Because there can be no “breach” without an underlying duty, these matters arise only if, and when, the underlying duty required by the statute has been established as a matter of law. The existence of that duty, as the Court agrees, is a question of law for the district court.
“In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not... to omit what has been inserted.” Section 1-2-101, MCA. I submit that calling the breach-related elements of the statutory constructive fraud claim “special circumstances” effectuates a judicial repeal of the duty requirement enacted by the legislature.
For the same reasons, it is my view that Drilcon, Inc. was an erroneous interpretation of the plain meaning of § 28-2-406(1), MCA. I would overrule that case and hold, with regard to issue two in this case, that the District Court did not err in granting First Bank’s motion for summary judgment on the basis that no duty existed on which to premise a statutory constructive fraud claim.